UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PIPER PA-31-325 "Navajo," | § | |
| S/N: 31-8112013, | § | |
| DISPLAYING TAIL NUMBER N4039L, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 49 U.S.C. § 46306(d).

*Defendant*

2. The Defendant is a Piper PA-31-325 "Navajo" aircraft, tail number N4039L, serial number 31-8112013 (hereinafter, the "Defendant Aircraft").

3. Law enforcement seized the Defendant Aircraft in the Southern District of Texas, specifically in McAllen, Texas, in May 2016.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395.

*Statutory Basis for Forfeiture*

6.  The Defendant Aircraft is subject to forfeiture under 49 U.S.C. § 46306(d), which provides for the forfeiture of "an aircraft whose use is related to a violation of [49 U.S.C. § 46306(b)], or to aid or facilitate a violation, regardless of whether a person is charged with the violation."  It is a violation of Title 49, United States Code, Section 46306(b)(4) if a person "obtains a certificate authorized to be issued under [Part A of Title 49 of the United States Code] by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious or fraudulent statement or entry." "An aircraft's use is presumed to have been related to a violation of, or to aid or facilitate a violation of… [section 46306(b)(4)] if—(i) the aircraft is registered to a false or fictitious person; or (ii) the application form used to obtain the aircraft certificate of registration contains a material false statement." 49 U.S.C. § 46306(d)(2).

*Factual Basis*

7.  In order to register an aircraft in the United States, an applicant must submit to the Federal Aviation Administration (the "FAA") an Aircraft Registration Application as well as evidence of ownership.  Additionally, an applicant must certify citizenship in the application for registration.  An aircraft (other than an aircraft owned by a governmental entity) must be owned by: (a) a United States citizen, (b) "an individual citizen of a foreign country lawfully admitted for permanent residence in the United States," or (c) "a corporation not a citizen of the United States when the corporation is organized and doing business under the laws of the United States or a State, and the aircraft is based and primarily used in the United States."  49 U.S.C. § 44102(a)(1); 14 C.F.R. § 47.3.

8. If an aircraft is co-owned by individuals, each owner must be identified on the documentation submitted to the FAA and each individual owner must be a United States citizen or lawful permanent resident. Each co-owner must sign the documentation submitted to the FAA to obtain registration. 14 C.F.R. § 47.13(f). The Aircraft Registration Application, (FAA Form AC 8050-1) contains the following note to applicants: "NOTE: If executed for co-ownership all applicants must sign."

9. FAA records show the Defendant Aircraft as registered in the name of H.S. H.S. is the minor child of Jorge Suarez-Gallardo.

10. Jorge Suarez-Gallardo, a Mexican national who is neither a U.S. citizen nor a lawful permanent resident, has previously registered an aircraft in his child's name. In 2013, he registered a Piper PA-28-180 "Cherokee" aircraft in the name of his then-10-year-old child.

11. On April 15, 2016, Jorge Suarez-Gallardo attempted to make entry into the United States at the Hidalgo Port of Entry. During an interview by HSI agents, Jorge Suarez-Gallardo told agents that his purpose for entering the United States was to fly his airplane, which was being stored in McAllen, back to Mexico, where he planned to store it. Jorge Suarez-Gallardo identified the Defendant Aircraft as the airplane that he was coming to fly.

12. Jorge Suarez-Gallardo told agents that he owns the Defendant Aircraft. He stated that he purchased it in October 2015 for approximately $165,000, that he wired money from his bank accounts, and that he signed documents concerning the purchase once the transfer of money was completed.

13. After an HSI agent advised Jorge Suarez-Gallardo that the Defendant Aircraft was registered to H.S., he responded that H.S. is his 17-year-old child and that he registered the Defendant Aircraft in H.S.'s name because H.S. is a U.S. citizen. Jorge Suarez-Gallardo stated

H.S. did not accompany him to Massachusetts to purchase the aircraft and that he took the paperwork with H.S.'s signature on them already.

14. Jorge Suarez-Gallardo admitted that he registered the Defendant Aircraft in H.S.'s name in order to circumvent the law. Jorge Suarez-Gallardo told agents that under U.S. law, a Mexican national cannot own a U.S.-registered aircraft and that he knew this because he had an issue with Customs and Border Protection in 2013 when he entered the United States to retrieve an aircraft that he registered to his then 10-year-old child. He stated that, at that time, CBP agents told him that they would seize his aircraft because he was trying to conceal the fact that he was the rightful owner and they advised him of the law that foreign nationals could not own aircraft registered in the United States. Jorge Suarez-Gallardo further stated that his aircraft was released and that he then sold the aircraft.

15. After an HSI agent explained aircraft registration violations under Title 49 U.S.C. § 46306, Jorge Suarez-Gallardo admitted that he knew the law and that is why he registered the Defendant Aircraft in H.S.'s name.

16. An October 24, 2015 "Aircraft Purchase/Sales Agreement" obtained from North Atlantic Air lists H.S. as the buyer and Jorge Suarez-Gallardo as the "co-buyer" of the Defendant Aircraft.

17. The Aircraft Registration Application (FAA Form 8050-1) that was submitted to the FAA identifies H.S. as the sole applicant and contains a signed certification, dated February 25, 2016, stating that H.S., a United States citizen, is the owner of the Defendant Aircraft. Additionally, the Aircraft Bill of Sale (FAA Form 8050-2), dated December 4, 2015, that was submitted to the FAA identifies H.S. as the sole purchaser. There is no mention of Jorge Suarez-

Gallardo on either form that was submitted to the FAA in order to obtain registration in the United States.

18.     The Application and Bill of Sale submitted to the FAA in order to obtain a certificate of registration for the Defendant Aircraft knowingly and willfully concealed the owner of the Defendant Aircraft in violation of 49 U.S.C. § 46306(b)(4), and the use of the Defendant Aircraft was related to that violation.

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Aircraft which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.  An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, Bentsen Tower, 1701 W. Highway 83, Suite 1011, McAllen, Texas 78501, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Requested Relief*

Wherefore, the United States of America prays that a judgment of forfeiture be entered against the Defendant Aircraft and in favor of the United States of America under 49 U.S.C. § 46306(d) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

        Kenneth Magidson
        United States Attorney

By: *s/Lori S. Roth*
    Lori S. Roth
    Email: lori.roth@usdoj.gov
    Texas State Bar No. 24076691
    SDTX Bar No. 1383270
    Assistant United States Attorney
    United States Attorney's Office
    1000 Louisiana, Suite 2300
    Houston, TX 77002
    Telephone: (713) 567-9000
    Fax: (713) 718-3300

*Verification*

I, Erik Diaz, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on September 26, 2016.

_____
Erik Diaz
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations